**7UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| VIKSHANAE VICKERS, | ) | CASE NO. 1:26-cv-1209 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| OHMAN FAMILY LIVING, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*Pro se* Plaintiff Vikshanae Vickers has filed a civil complaint against Defendant Ohman Family Living asserting claims for hostile work environment, retaliation, and employment discrimination. (ECF No. 1). Plaintiff did not pay the filing fee; instead, she filed an application to proceed *in forma pauperis* ("IFP Motion"). (ECF No. 2).

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship. *Foster*, 21 F. App'x at 240. It is within the Court's discretion to allow a litigant to proceed *in forma pauperis* ("IFP"). *Id.* Proceeding IFP is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is the applicant's burden to demonstrate qualification for IFP status.

In determining eligibility to proceed IFP, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess. *See Jones v. Vital & FNR N.*

1

*Am.*, No. 24-cv-1612, 2024 U.S. Dist. LEXIS 181411, 2024 WL 4416857, at *1 (N.D. Ohio Oct. 4, 2024) (citing *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 U.S. Dist. LEXIS 21055, 2006 WL 1030284, at *1 (E.D. Pa. Apr.18, 2006)). In addition to salary from employment, federal courts have considered disability income in assessing whether an applicant can pay court costs without undue hardship. *See, e.g.*, *Whatley v. Astrue*, 2011 U.S. Dist. LEXIS 128563, 2011 WL 5222908, at * 1–2 (N.D.N.Y. Oct. 14, 2011); *Hearn v. Comm'r of Soc. Sec. Disability Admin.*, 2007 U.S. Dist. LEXIS 75308, 2007 WL 2972542, at *1 (D.N.J. Oct. 10, 2007). Assets include equity in real estate and automobiles. *See Levet v. Comm'r of SSA*, 2014 U.S. Dist. LEXIS 96078, 2014 WL 3508893, at *1 (N.D. Ohio July 15, 2014); *Ciavarella v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 136441, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013). In addition, federal courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 U.S. Dist. LEXIS 10149, 2010 WL 502781, at *1, n. 1 (D. Minn. Feb. 5, 2010). See also *Crochran Through Shields v. Columbus City Schs*, No. 15-cv-632, 2017 U.S. Dist. LEXIS 235763, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017); *Reynolds v. Crawford*, 2009 U.S. Dist. LEXIS 111619, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009).

After reviewing Plaintiff's IFP Motion (ECF No. 2), the Court finds that she did not make a sincere attempt to fully and accurately complete her application. Despite clear instruction on the Court's application that an applicant should complete all questions and "not leave any blanks," Plaintiff left the majority of the questions on her application completely blank. This includes relevant questions regarding her past and expected income, other income and assets she has, and whether she or her spouse have any cash or any money in any kind of bank account. The Court

2

cannot determine from her application relevant information regarding her income from employment.  She has provided inconsistent information as to income she has received from past employment.  (ECF No. 2, PageID #21–22).  It is also unclear from her application whether she is currently employed in any capacity and whether she is currently receiving income or assets on which to live from any source.

Accordingly, Plaintiff's IFP Motion (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $405.00 and then filing a motion to reopen.  The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction.  Furthermore, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio.  The Court does not accept bills of exchange, promissory notes, or other types of "negotiable instruments."

    **IT IS SO ORDERED.**

Date: June 5, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

3